IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-514 |
| | § | |
| GREG SINGLETON and | § | |
| MICHELLE VALENCIA. | § | |

-----------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-03-024 |
| | § | |
| MICHELLE VALENCIA. | § | |

## MEMORANDUM AND ORDER

These criminal cases are before the Court on Defendant Greg Singleton's Motion to Declare Title 7 U.S.C. § 13(a)(2) Unconstitutional and Motion to Dismiss Counts One, Two, Three and Four of the Indictment [Doc. # 48 in Criminal Action No. H-04-514] and Defendant Michelle Valencia's Motion to Declare Title 7 U.S.C. § 13(a)(2) Unconstitutional and Motion to Dismiss Counts One through Three of the Indictment [Doc. # 47 in Criminal Action No. H-04-514; Doc. # 101 in Criminal Action No. H-03-024]. Section 13(a)(2)(iii), the provision under which Defendants are charged in this case, makes it a felony for:

> Any person . . . [iii] knowingly to deliver or cause to be delivered for transmission through the mails or interstate commerce by . . . means of communication false or misleading or knowingly inaccurate reports concerning crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce . . . .

7 U.S.C. § 13(a)(2)

The factual background and the governing legal principles are set forth fully in the Court's August 25, 2003 Memorandum and Order entered in *United States v. Michelle Valencia*, Crim. Action No. H-03-024. *See United States v. Valencia*, 2003 WL 23174749 (S.D. Tex. Aug. 25, 2003), *rev'd on other grounds*, 394 F.3d 352 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 2286 (2005).

Three of the grounds asserted by Singleton in his Motion were previously ruled on by the Court when raised by Valencia in Criminal Action No. H-03-024. Specifically, Singleton's argument that § 13(a)(2) is unconstitutionally vague because it fails to define "any person" was rejected by the Court in *Valencia*, 2003 WL 23174749 at * 8. Singleton's argument that § 13(a)(2) is unconstitutionally vague because it fails to define "market information" was rejected by the Court in *Valencia*, 2003 WL 23174749 at ** 11-14. The Court also rejected Singleton's argument that § 13(a)(2) is unconstitutionally vague because it allows prosecution of conduct outside the scope of the Commodity Exchange Act ("CEA"). *See Valencia*, 2003 WL 23174749 at ** 9-10. Singleton cites no intervening legal authority which would cause

the Court to change its prior decision on these issues, and this Court's independent research has revealed none. Therefore, the Court's prior rulings on these issues remain unchanged and are adopted as if set forth in full herein.

Singleton and Valencia both argue that § 13(a)(2) is unconstitutionally overbroad because it does not require the defendant to have intended to "affect or tend to affect the price of a commodity in interstate commerce." This is similar to the argument previously made by Valencia that the statute is unconstitutionally overbroad because it does not require the defendant to have intended to manipulate the marketplace. The Court rejected the argument regarding specific intent to manipulate the market, *see Valencia*, 2003 WL 21374749, * 19 n.39, but held that the statute was unconstitutionally overbroad because it did not include an adequate *mens rea* requirement – specifically a requirement that the defendant know that the information being provided was false or misleading. The Fifth Circuit reversed, holding that "the knowledge requirement of the reporting prong of § 13(a)(2) applies to the false or misleading character of the reports, as well as to delivery and inaccuracy." *United States v. Valencia*, 394 F.3d 352, 356 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 2286 (2005). Consequently, it is clear that § 13(a)(2)(iii) as interpreted by the Fifth Circuit punishes only speech that is knowingly false or misleading – speech not protected by

the First Amendment. *See Garrison v. Louisiana*, 379 U.S. 64, 74-76 (1964); *Colson v. Grohman*, 174 F.3d 498, 507 (5th Cir. 1999).

Singleton and Valencia argue now that the statute, as interpreted by the Fifth Circuit to require the speaker to know that the information is false or misleading, is unconstitutional because the statute does not require the specific intent to affect the price of a commodity in interstate commerce. Defendants cite no legal authority for their position and the Court is aware of none. Additionally, the legislative history indicates that Congress considered and rejected the specific intent requirement asserted by Defendants. *See* 62 Cong. Rec. H9447-48 (June 26, 1922). As a final consideration, the inclusion of the "or tend to affect" phrase indicates that no specific intent is required. Defendants' argument that § 13(a)(2) is unconstitutionally overbroad is unpersuasive and contravenes the implications of the ruling of the Fifth Circuit in this case.

Defendants also argue that § 13(a)(2) is unconstitutionally vague because its use of the term "the price" does not define which price of a commodity is covered. In this case, the Superseding Indictment charges facts that, if proven, could support a finding that Defendants reported false market information that affected both the market price and individual contract prices of natural gas. Defendants argue that Congress intended to criminalize only the making of false or misleading reports that affect or tend to affect

the *market* price, but they cite no legal authority to support this belief regarding Congressional intent. There is no indication that Congress intended to limit the scope of the statute as suggested by Defendants. Defendants have failed to show that the use of the term "the price" in § 13(a)(2) is inadequate to enable them or other persons to determine whether their conduct is prohibited by the statute. As a result, their vagueness argument regarding the term "the price" is rejected.

Based on the foregoing, read together with this Court's and the Fifth Circuit's rulings in *Valencia*, the Court concludes that § 13(a)(2) is neither unconstitutionally overbroad nor unconstitutionally vague. Accordingly, it is hereby

**ORDERED** that Defendants' Motions to Declare Title 7 U.S.C. § 13(a)(2) Unconstitutional and Motions to Dismiss Counts of the Indictment [Docs. # 47 and # 48 in Criminal Action No. H-04-514; Doc. # 101 in Criminal Action No. H-03-024] are **DENIED**.

SIGNED at Houston, Texas, this **7th** day of **October, 2005**.

_____
Nancy F. Atlas
United States District Judge